In re **PROCEEDINGS BEFORE THE AUGUST 6, 1984 GRAND JURY.**

**(UNITED STATES v. John DOE).**

**No. 1514, Docket 85–6129.**

United States Court of Appeals, Second Circuit.

Argued July 17, 1985.
Decided July 19, 1985.

Filip Tiffenberg, New York City (Saxe, Bacon & Bolan, P.C., New York City, of counsel), for appellant.

William J. Muller, Asst. U.S. Atty., Brooklyn, N.Y. (Mary McGowan Davis, Asst. U.S. Atty., Raymond J. Dearie, U.S. Atty. for the E.D.N.Y., Brooklyn, N.Y., of counsel), for appellee.

Before PIERCE and PRATT, Circuit Judges, and STEWART, United States District Judge for the Southern District of New York sitting by designation.

PER CURIAM:

This is an expedited appeal from an order of the United States District Court for the Eastern District of New York, Henry Bramwell, *Judge*, holding appellant in contempt of court pursuant to 28 U.S.C. § 1826 for refusing, after his motion to quash had been denied, to produce a tape recording in response to a grand jury subpoena duces tecum. Appellant is an individual whose real name has been kept under seal to protect the secrecy of the grand jury proceeding; he is referred to in this case as John Doe. The district court ordered Doe incarcerated for the life of the grand jury or until he purged the contempt by complying with the subpoena, but the court stayed the incarceration pending the outcome of this appeal. We affirm.

The subpoena duces tecum was issued by a grand jury in the Eastern District of New York which was investigating allegations that John Doe and others violated the federal mail fraud statute, 18 U.S.C. § 1341, by devising a scheme to defraud the State of New York of sales tax revenues due on the sale of automobile motor fuel. The subpoena was issued on or about March 29, 1985, and directed John Doe to appear before the grand jury and to produce, among other things, tape recordings in his possession of conversations in which he and others discussed:

(1) the payment of sales tax, (b) the preparation and/or filing of sales tax returns (c) a sales tax audit, (d) a sales tax investigation and/or (e) the offer, payment, solicitation or receipt of a bribe.

Doe's counsel moved to quash the subpoena on fifth amendment grounds. At the hearing on the motion to quash on April 25, 1985, counsel for Doe explained that:

[Y]es a tape [recording] exists, and assuming arguendo it's a tape of [John Doe] and a couple of other people, and they are talking on this tape that [John Doe] made; sitting around a table in a restaurant, five or six people. They are talking about sales tax violations, and perhaps how to take care of them; his own mouth talking about it. It's his own personal private tape recording that he made, maybe he didn't trust the fellows he was sitting with, but his own words are there talking about sales taxes and perhaps something even in addition to sales tax.

\* \* \* \* \* \*

[T]hese are his own words saying, hypothetically, I cheated the government, or let's see if we can find a way out of this.

Doe claimed that the tape recording was a personal record and that both the act of producing the tape recording and the contents of the tape were incriminating; therefore, he argued, the fifth amendment gave him the right to withhold the recording from the grand jury.

The district court denied Doe's motion to quash:

[T]he Court concludes that the contents of a voluntarily prepared private recording of a conversation are not privileged because they are not the product of government compulsion.

Furthermore, even if this Court had determined some residual privacy rights remain protected by the Fifth Amendment, the materials in question would be

subject to disclosure. Based on information adduced at the *in camera* hearing held on April 25 and the wording of the subpoena itself, the Court finds that the contents of the tape [recording] pertained primarily to business matters.

Furthermore, since the witness' [Doe's] communications were disclosed to several persons (also recorded on the tape), they necessarily do not touch on the more intimate aspects of [Doe's] life. Under these circumstances, the Court finds that these subpoenaed materials are not what some members of the Supreme Court had in mind in suggesting that the contents of some intimate documents may still enjoy Fifth Amendment protection.

The government then obtained an order directing Doe to provide the grand jury with the subpoenaed tape recordings, but granting him use immunity pursuant to 18 U.S.C. §§ 6002 and 6003 for the act of producing the subpoenaed material. When Doe still refused to produce the tape recordings, the district court found him in contempt.

■ The Supreme Court has held that "[w]here the preparation of business records is voluntary, no compulsion is present" that would give the possessor of the records a fifth amendment privilege covering the contents of those records. *United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 1241–42, 79 L.Ed.2d 552 (1984). The fifth amendment privilege only prevents *"compelled* self-incrimination." *Id.* (emphasis in original). The act of producing business records may in certain circumstances have a testimonial character and fall within the fifth amendment's coverage, but the contents of voluntarily prepared business records are not privileged unless the subpoenaed individual is compelled to "restate, repeat, or affirm" the contents' truth. *Id.; Fisher v. United States,* 425 U.S. 391, 409, 96 S.Ct. 1569, 1580, 48 L.Ed.2d 39 (1976).

■ The case before us falls squarely within *Doe's* holding. The district court found that the tape recording was a business record, and we cannot say that this finding was clearly erroneous. John Doe's counsel admitted that the taped conversations concerned sales taxes, which is a business matter. Doe's counsel did make general statements that the recording "perhaps" covered other matters besides sales taxes and he also made conclusory statements that the conversations were not business matters, but none of his specific descriptions of the content of the tape recording pointed to any nonbusiness matter. John Doe was also granted immunity for the act of producing the recording, and the subpoena does not compel him to restate, repeat, or affirm the truth of the recording's content.

Because this case is controlled by *United States v. Doe, supra,* we do not reach the question, left open in *Fisher,* 425 U.S. at 413–14, 96 S.Ct. at 1582–83; *see Doe,* 104 S.Ct. at 1241, of whether the fifth amendment protects the contents of private papers that are not business documents.

The order of the district court is affirmed. The clerk shall issue the mandate forthwith.